923 F.2d 872
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Kiyoshi KIMURA, Takeshi Yamaguchi, Iwao Morita and
Tetsuo Murakami.
 No. 89-1654.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1990.
 
 Before MARKEY and MAYER, Circuit Judges, and KELLEHER, Senior District Judge*.
 DECISION
 MARKEY, Circuit Judge.
 
 
 1
 Kiyoshi Kimura, Takeshi Yamaguchi, Iwao Morita, and Tetsuo Murakami ("Kimura") appeal from a decision of the Board of Patent Appeals and Interferences of the U.S. Patent and Trademark Office ("Board") affirming the rejection under 35 U.S.C. Sec. 103 of claims 1-14 of Kimura's patent application Serial No. 673,947. We AFFIRM.
 
 OPINION
 
 2
 Miescher discloses a similar compound with "therapeutic" properties. Spicket discloses a similar compound with, inter alia, "antidepressant" properties. Burger discloses a similar compound with "anti-arrhythmic" properties. Thus the prior art renders Kimura's similar compound at least prima facie obvious, and the Board correctly held that Kimura's affidavit was insufficient to rebut the Examiner's prima facie case of obviousness.
 
 
 3
 Kimura's argument that Miescher discloses insufficient utility to be a reference, citing In re Stemniski, 444 F.2d 581, 170 USPQ 343 (CCPA 1971), is unavailing. Stemniski distinguished cases like the present where a reference discloses some utility, noting that the PTO had asserted no practical, specific, or significant usefulness for the reference compound. Id., 170 USPQ at 345, 346, notes 6, 9. Moreover, the Board's rejection was based on Miescher or Spicket, in view of Burger. Kimura's argument does not address Spicket in view of Burger.
 
 
 4
 Nor does the Board's reference to unexpected anti-arrhythmic activity require reversal. The Board correctly held that "appellants must show not merely that their compounds possess an unexpected property but rather that unexpected differences in properties exist between the prior art compounds and the appealed compounds" and correctly found that Kimura failed to compare the claimed compound with either of the closest compounds in Miescher or Spicket. That failure vitiated Kimura's effort to show unexpected superiority over the prior art compounds, as the Board discussed. See In re De Blauwe, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed Cir.1984).
 
 
 
 *
 Robert J. Kelleher, Senior District Judge, United States District Court, Central District of California, sitting by designation